## GOODS FORWARDED UNDER A PRIVILEGE OF PURCHASE LOST IN TRANSIT.

Circuit Court of Cuyahoga County.

### A. JACOBS v. MORITZ KOLLANDER.

Decided, March 21, 1900.

*Bailment—When Bailee Not Liable for Loss of Goods to be Returned Upon Demand.*

Where goods are sent to a prospective purchaser from which he is to select such as he desires to purchase and return the others to the owner upon demand, and the prospective purchaser elects not to keep any of them, and after waiting a reasonable length of time ships the goods to the owner without demand having been made, he is not liable for the loss of the goods in transit.

*Kerruish, Chapman & Kerruish,* for plaintiff in error.
*E. Joseph,* contra.

HALE, J.; MARVIN, J., and CALDWELL, J., concur.

Kollander is in the jewelry business in New York; Jacobs is in the same business in Cleveland. An uncle of Kollander applied to Jacobs to have him buy goods from his nephew in New York. Jacobs intimated that if he could have the goods to look over, he might buy them. The uncle of Kollander wrote to him, and upon receipt of the letter Kollander sent the goods to Jacobs with a writing which is claimed constitutes the contract between them. The substance of the letter is that Kollander sent the goods to Jacobs, and Jacobs was to look them over and what he concluded to buy he was to take, and any or all that he did not want to buy, he was to deliver to Kollander upon demand. Jacobs received the goods, did not wish to purchase any of them at the price named, and after holding them about a week, sent them back to Kollander in New York, by express. The goods were stolen from the express company at Pittsburg. Fifty dollars, a mere nominal value, was paid on the goods by the express company.

Kollander brings this action to recover from Jacobs the value of the goods stolen; and it is claimed that Jacobs did not comply with the contract in that he did not hold the goods until they were demanded from him by Kollander. Jacobs claims that he performed the contract. The contract is silent as to when the goods were to be returned or when they should be demanded. They were a class of goods that were liable to be stolen from Jacobs unless he went to the expense of keeping them in some safety deposit vault or other place of security.

This contract is to be construed, not that Jacobs was to keep the goods for any considerable length of time, but as meaning that he was to be ordered to return them to New York as soon as he had an opportunity to examine the goods and determine how much of them he wished to retain. The silence of the contract upon the time that he was to retain them, made it the duty of the court to say to the jury that he was to retain them a reasonable length of time, and the jury should have been instructed that if he retained them a reasonable length of time for Kollander to ask for their return, and he (Kollander) neglected

to ask or demand their return, then Jacobs was justified in returning them without demand, and if the jury found that they were retained by Jacobs a reasonable length of time before he returned them, then he would not be liable under the agreement made between them. This the court neglected to do, but treated the contract as though Jacobs was to retain the goods until a demand was made upon him for their return, however long that might be, and this was error for which the case is reversed.